McKinney, J.,
delivered the opinion of the Court:
This was an action of slander. The words, in *692 substance, impute to the plaintiff the crime of felon-iously stealing a valuable paper writing, namely: a constable’s receipt for the collection of a debt. The pleas were the general issue, statute of limitations and special plea of justification, averring the truth of the words laid in the declaration. Verdict and judgment for the defendant, and an appeal in error to this Court.
The error relied upon, is in the exclusion of evidence, by the Court. It is necessary to state, in order that the point may be clearly understood, that the defendant, Hixen, held a note on one Johnson, on which was due upwards of one hundred dollars. The defendant delivered said note to one Alexander, a justice of the peace, to place the same, as defendant’s agent, for that purpose, in the hands of the plaintiff, who was a constable, for collection. The note was accordingly delivered by Alexander, to the plaintiff, who executed a receipt for the same, in the usual form. Alexander, who was examined on the trial, as a witness for the defendant, states, that he placed said receipt “ between the leaves of his docket book,” so that it might be convenient to hand to the defendant when he should call for it. In about a month 'thereafter, the defendant called for it, and witness could not find it. The witness on his examination in chief, stated, that from some information he had received, he called on the plaintiff, “and en-quired of him whether he had the receipt, and how and where he came by it. Haisten, (the plaintiff) admitted he had it, and witness requested him to produce it, which he did.” At this point, the witness *693 was stopped by defendant’s counsel, and directed not to tell anything more that was said by the plaintiff. The counsel for the plaintiff, on cross examination, insisted that the whole statement made by the plaintiff, accompanying the production and delivery of the receipt to the witness, should be given in evidence, but this was objected to by the defendant, and the Court sustained the objection, and refused to admit the evidence, to which the plaintiff excepted.
The jury were instructed, that from the fact of the recent possession of the receipt by the plaintiff, the presumption of law is, that he stole it, unless he shows that he came to the possession of it innocently.
This part of the charge is referred to, not as being erroneous, but for the purpose of demonstrating more clearly, the error of the Court in refusing to admit the entire admission or statement of the plaintiff, made at the time of the surrender of the paper.
The rule applies equally in civil as in criminal cages, that where a conversation, or admission, of the party is offered in evidence against him, as proof of his guilt, he has the right to demand that the entire admission, or the whole of what was said in that conversation, shall be laid before the Court and jury, and that the whole of the admission, or conversation occurring at the same time, and relating to the same subject matter, shall be taken together; as well that which operates in his favor, as that which makes against him. Although it does not follow, that all the parts of the statement are to be regarded as equally worthy of credit, it is for the jury, in view *694 of all the circumstances of the case, to consider how much of the whole statement is worthy of belief. If what was said by the party in his own favor, be uncontradicted by anything in the case, and be not improbable, or unreasonable in itself, it will naturally be believed'by the jury; still, however, they are at liberty to judge of it, as of all other evidence, by all the circumstances . of the case.—1 Greenleaf’s Ev. sec. 201, 218.
This important principle, founded alike in reason, in justice, and humanity, has been violated in the present case. So much of the statement of the party as would prima facie establish his guilt, is admitted; and at that point his lips are sealed, and he is denied the right of attempting to show, in the only way, perhaps, in his power to show, that the transaction when fully stated, amounted to no crime whatever, but may have been entirely innocent. The party is called on to say, whether he had the receipt, and if so, how, and under what circumstances he became possessed of it. In response, he admits the possession of the paper, and produces it; and, as is assumed, makes a statement, as required to do, as to how he acquired the possession; but this he is denied the benefit of. And, upon the legal presumption arising from the part of the statement admitted in evidence, the liberty and reputation of the party are to be put in jeopardy! This is a monstrous doctrine. It is not law.
There is the less reason in the present case, for refusing to the plaintiff the full benefit of the rule of evidence under consideration, when the improbability of the charge of a felonious stealing of the paper, is *695 considered. This, to say the least, is not a very reasonable supposition, that the party, if possessed of ordinary intelligence, would have stolen a paper with the view of suppressing the evidence of its contents, when the same identical facts evidenced by such paper, were susceptible of proof by living witnesses,' in the neighborhood of all the parties.
Judgment reversed.